UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANTHONY WILSON, JERRY RAVEN,　　　　　　　　　　CIVIL ACTION
AND BARRY RAVEN

VERSUS
　　　　　　　　　　　　　　　　　　　　　　　　　　NO. 12-187-BAJ-SCR
ROBERT J. POCHE, IN HIS OFFICIAL
CAPACITY AS REGISTRAR OF VOTERS
FOR THE PARISH OF ASCENSION

## RULING AND ORDER

This matter is before the Court on a Motion to Dismiss (doc. 8). No further briefing is required.

The Court has carefully reviewed this matter and finds that the motion should be granted for the reasons advanced by Defendant's, Robert J. Poche, in his Official Capacity as Registrar of Voters for the Parish of Ascension ("Defendant"), supporting memorandum. The Court concludes that Plaintiffs, Anthony Wilson, Jerry Raven, and Barry Raven ("Plaintiffs") fail to show subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure. Alternatively, the Court finds that the complaint should be dismissed on the merits for failure to state a claim. Specifically, the Court concludes that Plaintiffs fail to "state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] The Court reaches these conclusions for several reasons.

First, Defendant asserts, and the Court agrees, that any claims for monetary relief against Defendant in his official capacity as the Registrar of Voters for the Parish of Ascension, State of Louisiana constitute claims against the "State" and, therefore, are barred by the Eleventh Amendment.

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in Federal court by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 1355 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. See *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S. Ct. 2666, 49 L.Ed. 2d 614 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, supra.

Further, suits brought against a state official in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *New Orleans Towing Ass'n v. Foster*, 248 F.3d 1143 (5th Cir. 2001), (citing *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116

---

[1] Defendant states, preliminarily, that he will seek dismissal pursuant to Rule 12(b)(1). However, in his supporting memorandum, Defendant also discusses dismissal of the claim pursuant to Rule 12(b)(6) and cites case law to that effect (doc. 8-1, at 16). The Court presumes that Defendant seeks dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6).

L.Ed.2d 301 (1991)) (internal quotations omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985)).

Here, Plaintiffs sue Defendant only in his official capacity. Plaintiffs contest that Defendant is a state official by asserting that he is really a parish official. In contrast, Defendant asserts multiple grounds for which his position as the Registrar of Voters is a state position. Specifically, Defendant supports this assertion by stating that: (1) the legislature provides for the office of the registrar of voters (La. R.S. 18:51, *et seq.*) and provides for the registrar's compensation as required by Article XI § 5 of the Louisiana Constitution (La. Const. 1974) in La. R.S. 18:55; (2) the Attorney General has opined that the registrar of voters and his employees are properly classified as state and not parish officials or employees, *See* La. Atty. Gen. Op. La. Atty. Gen. Op. No. 85-355; and (3) The Commissioner of Elections is authorized to prescribe uniform rules and regulations subject to the approval of the Attorney General for general procedures to be used by the Registrar of Voters. La. R.S. 18:18(3) (doc. 8-1, at 3-5). Thus, Defendant offers persuasive authority to support his assertion that his position with the Office of the Registrar of Voters is a state position.

Because Defendant demonstrates that his position as the Registrar of Voters is a state position, any claims for monetary relief against Defendant in his official capacity as the Registrar of Voters for the Parish of Ascension, State of

Louisiana constitute claims against the "State" and, therefore, are barred by the Eleventh Amendment.[2]

Second, Plaintiffs' claims under section 1983 against Defendant do not amount to a constitutional violation entitled to a section 1983 remedy in a Federal court. The Fifth Circuit has held that section 1983 provides a remedy for cases where the violation of due process rights is through "willful conduct which undermines the organic processes by which candidates are elected." *Duncan v. Poythress*, 657 F.2d 691, 701 (5th Cir. 1981) (citing *Hennings v. Grafton*, 523 F.2d 861, 864 (7th Cir. 1975). Further, the Supreme Court has held that negligent acts by state actors do not effect a "deprivation" for the purposes of the Due Process Clause. *Daniels v. Williams*, 474 U.S. 327 (1986). Moreover, the random and unauthorized conduct of a government actor, even intentional, does not implicate the Due Process Clause if the state provides a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Here, not only are Plaintiffs unable to show willful conduct on the part of Defendant, but the record shows that they have already benefited from a judgment in their favor in state court. Plaintiffs' state court suit (Docket Number 99,722) was filed in the 23rd Judicial District Court of Louisiana on April 11, 2011, assigned to the Honorable Alvin Turner, and resulted in a judgment in their

---

[2] The findings of this ruling pertain to Plaintiffs' claims under 42 U.S.C. §§ 1983 and 1988. Where a plaintiff fails to prevail, either because of legal immunity or merits of the claim, § 1988 does not authorize a fee award against that defendant. *Kentucky v. Graham,* 473 U.S. 170, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985).

4

favor (doc. 8-2). In that suit, there was no finding indicating that there was willful conduct on the part of Defendant. The court found that due to a failure to exercise due diligence, there was an omission of the names of qualified voters from the official voting list, which resulted in the denial of the right of eight voters to fully participate in the voting process (doc. 8-2, at 5). Because Plaintiffs fail to allege willful conduct on the part of Defendant, Plaintiffs fail to plead a constitutional violation entitled to a section 1983 remedy.

Similarly, Plaintiffs received an adequate remedy at the state court level.[3] As per the state court's judgment, Plaintiffs in this instant action were beneficiaries of a restricted election conducted on May 21, 2011. Plaintiffs cast their votes in the restricted election, and as such, their claims for general or equitable relief must be denied as moot.

Therefore, because: (1) Defendant offers persuasive authority that his position as the Registrar of Voters is a state position; and (2) Plaintiffs' claims under section 1983 against Defendant do not amount to a constitutional violation entitled to a section 1983 remedy in a Federal court, Plaintiffs' claims must be dismissed.

---

[3] The Court notes that Plaintiffs seek damages resulting from a deprivation of their right to vote as guaranteed under the Constitutions of the State of Louisiana and the United States of America (doc. 1 ¶ 10). This is despite their previous suit in state court in which they were granted relief under the Constitution of the State of Louisiana.

Accordingly, Defendant's Motion to Dismiss (doc. 8) is hereby **GRANTED**. The case is dismissed with prejudice.

Baton Rouge, Louisiana, March 8, 2013.

                                                            _____
                                                            BRIAN A. JACKSON, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT
                                                            MIDDLE DISTRICT OF LOUISIANA